Benjamin Brenner, J.
Defendant wife moves for summary judgment in an action to annul her marriage for fraud on the ground that it is barred by the Statute of Limitations. The parties were married on August 21, 1956. In June of 1957 the husband commenced a prior action to annul, specifically stating two causes: physical incapacity pursuant to subdivision 3 of section 7 of the Domestic Relations Law and section 1141 of the Civil Practice Act, and fraud in that the wife had falsely represented that she desired to bear children. He asserts that subsequent to the commencement of that action there was a reconciliation, the wife promising to undergo medical treatments to cure her physical incapacity, whereupon he discontinued the 1957 suit. He asserts that the wife’s second promise was false and that in 1958 he discovered that she had never intended to undergo the medical treatment. Obviously, as of June 1957, the husband was aware that the premarital representation was false. In October of 1960 he commenced the present action.
The husband’s contention that he has again, in this complaint, alleged physical incapacity is supported only by an allegation therein that ‘ ‘ at no time has defendant had marital relations with plaintiff.” This allegation, without more, is not legally sufficient to support such a cause.
The husband also seems to be arguing that the wife’s conduct in falsely representing that she would undergo medical treatment subsequent to his discovery of the fraudulent premarital promise to bear children tolled the Statute of Limitations. Ho case supporting this position has been brought to my attention. The alleged additional false promise to undergo medical treatment may, conceivably, give rise to some cause for fraud. But it could not give rise to a new cause of action for annulment as the alleged added false promise was made subsequent to and not as a prior condition of the marriage. But even if I were to invoke some theory of equitable estoppel against the wife who, by virtue of her fraudulent misrepresentation, had prevented commencement of the action within the statutory time, I could not do so here because, on the husband’s own statement, he was guilty of laches. For, in 1958, after realizing that he was again duped and that his wife had no intention of keeping *233 her premarital promise, he waited about two years before commencing this action.
Therefore, as he was aware of the fraud at the time he brought the original suit in June of 1957, the present action, commenced in October of 1960, was not brought within the three-year statutory period. The motion for summary judgment is granted.